THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JULIET C. GADDY,

                         Plaintiff,

       v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

CASE NO. C13-2016-JCC

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DENYING APPEAL

     This matter comes before the Court on Magistrate Judge James P. Donohue's Report and Recommendation ("R&R") (Dkt. No. 23) addressing the Petitioner's appeal of the final decision of the Commissioner of the Social Security Administration (Dkt. No 3).  Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **ADOPTS** the R&R and **DENIES** the Petitioner's appeal for the reasons explained herein.

## I.      BACKGROUND

     Plaintiff Juliet C. Gaddy ("Gaddy") appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33, 1381-83f, after a hearing before an

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING APPEAL
PAGE - 1

1    administrative law judge ("ALJ").  Dkt. No. 3; Dkt. No. 23 at 1.

2          Gaddy's past work experience includes employment as a housekeeper and maintenance

3    janitor, and she was last gainfully employed in May of 2012.  AR at 39–40, 51.  Gaddy filed

4    concurrent claims for SSI payments and DIB on October 12, 2010.  AR at 197–204.  The

5    Commissioner denied Gaddy's claim initially and on reconsideration.  AR at 98-101, 104–07,

6    110–21.  Gaddy's requested administrative hearing took place on July 9, 2012.  AR at 33-55.

7    Gaddy amended her disability onset date to January 1, 2012 at her administrative hearing.  AR at

8    37.  On July 19, 2012, the ALJ issued a decision finding Gaddy not disabled and denied her

9    claims.  AR at 27–28.  Gaddy's administrative appeal was denied by the Appeals Council.  AR at

10   1–6; 42 U.S.C. § 405(g).

11         **A.     Jurisdiction**

12         The Court has jurisdiction to review the Commissioner's decision. 42 U.S.C. § 405(g),

13   1383(c)(3).

14         **B.     Standard of Review**

15         A reviewing court may set aside the Commissioner's denial of social security benefits

16   when the ALJ's findings are based on legal error or are not supported by substantial evidence in

17   the record.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is

18   such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

19   *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The ALJ is responsible for determining

20   credibility and resolving factual ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035,

21   1039 (9th Cir. 1995).  A reviewing court may not reevaluate the evidence nor substitute its

22   judgment for that of the Commissioner, and must defer to the Commissioner's conclusion if

23   multiple rational interpretations are possible.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

24   2002).  The reviewing court may direct an award of benefits where further administrative

25   proceedings would serve no useful purpose, such as when (1) the ALJ has failed to provide

26   legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding

1    issues that must be resolved before a determination of disability may be made; and (3) it is clear

2    from the record that the ALJ would be required to find the claimant disabled if the claimant's

3    evidence was considered. *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002)

4    (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

5        **C.    Evaluation of Disability**

6        Disability is the "inability to engage in any substantial gainful activity" due to a physical

7    or mental impairment which has lasted or is expected to last for a continuous period of not less

8    than twelve months.  42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A).  A claimant bears the burden of

9    proving that he or she is disabled within the meaning of the Social Security Act (the "Act").

10   *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  A claimant's impairments must be of

11   such severity that he or she is unable to do her previous work and cannot, considering age,

12   education, and work experience, engage in any other substantial gainful activity existing in the

13   national economy.  42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99

14   (9th Cir. 1999).

15       There is a five-step sequential test to determine whether a claimant is disabled within the

16   meaning of the Act; if a claimant is found to be disabled at any step, the inquiry ends.  *See* 20

17   C.F.R. § 404.1520, 416.920.  The claimant bears the burden of proof to show: (1) whether the

18   claimant is presently engaged in "substantial gainful activity" (if yes, disability benefits are

19   denied); (2) that the claimant has one or more medically severe impairments, or combination of

20   impairments, that limit their physical or mental ability to do basic work activities (if yes,

21   claimant is disabled); (3) whether the impairment meets or equals any of the impairments

22   described in the regulations (if yes, claimant is disabled); (4) whether the physical and mental

23   demands of the claimant's past relevant work are such that they can no longer perform that work

24   (if yes, claimant is disabled).  20 C.F.R. § 404.1520(b)-(c), 416.920(b)-(c).  If all prior steps are

25   satisfied, the Commissioner bears the burden of proof to show that (5) the claimant can perform

26   other work that exists in significant numbers in the national economy, taking into account the

1   claimant's residual functional capacity ("RFC"), age, education, and work experience.  20 C.F.R.

2   § 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1100.  If the Commissioner finds the claimant is

3   unable to perform other work, then the claimant is found disabled and benefits may be awarded.

4         **D.**      **Decision Below**

5         The ALJ issued its decision on July 19, 2012, finding that: (1) Gaddy meets the insured

6   status requirements of the Act through December 31, 2013; (2) Gaddy has not engaged in

7   substantial gainful activity since January 1, 2012 (the alleged onset date); (3) Gaddy has severe

8   impairments of major depressive disorder, anxiety disorder, and obesity; (4) Gaddy does not

9   have an impairment or combination of impairments that satisfies 20 C.F.R. Part 404, Subpart P,

10  Appendix 1; (5) Gaddy has the RFC to perform a full range of work with certain non-exertional

11  limitations; (6) Gaddy is capable of performing past relevant work; and (7) Gaddy has not been

12  under a disability as defined by the Act from August 1, 2007 through the date the decision was

13  issued. Dkt. No. 23 at 5–6.

14        **E.**      **Issues on Appeal**

15        Whether (1) the ALJ erred in failing to properly address the opinion of Gaddy's

16  examining provider and in failing to provide adequate explanation for the weight assigned to it;

17  (2) substantial evidence supports the ALJ's conclusion that Gaddy retained capacity to perform

18  the full range of work with certain limitations; (3) the ALJ erred in finding Gaddy less than

19  credible.  Dkt. No. 23 at 6.

20  **II.**      **DISCUSSION**

21      **A.  The ALJ's Assessment of the Medical Evidence**

22        Gaddy argues that the ALJ erred in rejecting the opinion of Dr. Karen Ni, Gaddy's

23  consultative examining psychiatrist, who stated that Gaddy would probably need treatment to

24  enable her to work full-time.  AR at 27.  The ALJ rejected Dr. Ni's opinion because (1) Gaddy's

25  impairments were present while she worked full time in the past; (2) Gaddy's reports and

26

presentation to Dr. Ni were not consistent with the observations of her treatment providers; and (3) Dr. Ni appeared to base her opinions on Gaddy's subjective reports.  AR at 27.

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician, because a treating physician has a greater opportunity to know and observe the patient as an individual.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so absent other contradictory evidence, and must give specific and legitimate reasons if contradictory evidence exists.  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988); *Bayliss*, 427 F.3d at 1216 (9th Cir. 2005).  The ALJ must explain his conclusions and provide substantial supporting evidence.  *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988); *Reddick*, 157 F.3d at 725.

The ALJ's decision to reject the opinion of Dr. Ni is supported by clear and convincing reasons.  First, Gaddy's impairments were present which she worked full-time in the past.  AR at 27.  After being diagnosed with post-traumatic stress disorder, major depressive disorder, and anxiety in 2010 by Dr. Ni, Gaddy continued to work and, in fact, increased her earnings for the duration of 2011.  AR at 372–76; AR at 36–37, 212–14.  Gaddy testified that she ceased working in May 2012 when her contract ended, rather than for disability-related reasons.  AR at 40.  No testimony was offered by Gaddy to corroborate her attorney's claims that her hours were reduced due to "health problems" in 2012.  AR at 37, 40–41.

Gaddy's continuation of gainful work following Dr. Ni's diagnosis of allegedly debilitating mental issues, and termination of such work for contractual rather than health reasons, undermine her claim that the ALJ erred in rejecting Dr. Ni's opinion.  Gaddy's claim is further weakened by her failure to testify in support of her attorney's assertion that health reasons ended

1    her employment.  Under the present record, the ALJ did not err when it rejected Dr. Ni's opinion

2    based on clear and convincing evidence, and the first issue on appeal is insufficient to overturn

3    the decision of the Commissioner.

     **B. The ALJ's RFC Determination**

4    Gaddy argues that the ALJ erred in its determination of her RFC by failing to credit the

5    medical opinion of Dr. Ni and by finding that Gaddy had the ability to interact appropriately with

6    supervisors, coworkers, and the general public on an incidental basis.  Dkt. No. 16 at 7–9.

7    Gaddy cites to Dr. Ni's medical opinion and the notes of her treatment providers regarding her

8    mental health symptoms.

9    An RFC is the "maximum degree to which [an] individual retains the capacity for sustained

10   performance of the physical-mental requirements of jobs."  20 C.F.R. 404, Subpart P, Appendix

11   2 § 200(c).  The ALJ must address all relevant evidence, including evidence regarding symptoms

12   that are not severe, to determine if the claimant retains the ability to work on a "regular and

13   continuing basis."  *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995); SSR 96-8p.  An ALJ is not

14   required to incorporate evidence from opinions of treating physicians that have been permissibly

15   discounted.  *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

16   The Court has already determined that the ALJ did not err in disregarding Dr. Ni's medical

17   opinion, and therefore it was not required to include the limitations listed in the opinion in the

18   RFC.  *Batson*, 359 F.3d at 1197.  Gaddy does not identify specific functional limitations the ALJ

19   failed to consider in making the RFC determination, and the record demonstrates that she was

20   able to work near or above substantial gainful activity levels after being diagnosed by Dr. Ni in

21   2010.  *Id.*  Because Gaddy has failed to demonstrate that the ALJ erred in its evaluation of her

1    limitations, the second issue on appeal is insufficient to overturn the decision of the

2    Commissioner.

3    **C.  The ALJ's Assessment of Gaddy's Credibility**

4        Gaddy argues that the ALJ erred in finding her testimony not credible because he failed to

5    analyze the factors required by SSR 96-7p.  Dkt. No. 16 at 9–12.  The ALJ found Gaddy not

6    credible because: (1) the record showed that Gaddy's impairments were not disabling; (2) the

7    treatment record did not establish the presence of disabling symptoms; (3) Gaddy refused

8    treatment options and received little mental health treatment; (4) Gaddy made inconsistent

9    reports regarding her mental health symptoms; (5) Gaddy's work ended for non-disability related

10   reasons despite the claims made in the briefing; and (6) the record showed that Gaddy worked

11   with her impairments, and that her symptoms did not worsen over time. AR at 26–27.

12       The ALJ is responsible for determining credibility of claimants.  *Andrews*, 53 F.3d at 1039.

13   A reviewing court may not reevaluate the evidence nor substitute its judgment for that of the

14   Commissioner, and must defer to the Commissioner's conclusion if multiple rational

15   interpretations are possible.  *Thomas*, 278 F.3d at 954.  To determine whether to accept a

16   claimant's subjective symptom testimony, the ALJ must: (1) determine whether there is a

17   medically-determinable impairment that could reasonably be expected to cause the claimant's

18   symptoms; and (2) evaluate the intensity and persistence of the claimant's symptoms,

19   considering evidence of the claimant's own testimony.  C.F.R. § 404.1529(a)-(b); *see Cotton v.

20   Bowen*, 799 F.2d 1403; *Smolen*, 80 F.3d at 1281 n.1.   Absent affirmative evidence showing that

21   the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting the

22   claimant's testimony.  *Smolen*, 80 F.3d at 1281.  The ALJ may consider (1) ordinary techniques

23   of credibility evaluation, including prior inconsistent statements concerning the symptoms, (2)

unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the claimant's daily activities. *Smolen*, 80 F.3d at 1284. Even if several of the reasons for discrediting a claimant's testimony should be discounted, the ALJ's determination is not rendered invalid as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The record supports affirming the determination of the ALJ that Gaddy was not credible. Gaddy repeatedly refused treatment options, even when presented the opportunity to obtain medication at little or no cost. AR at 26, 405–05. The ALJ also observed that Gaddy failed to pursue further treatment of her alleged mental impairments despite her claim that they prevented her from working. *Id*. Gaddy's argument is further undermined by her ability to work at a substantially gainful level following the diagnosis of her alleged impairments. AR at 27. The Court also notes the ALJ's finding that Gaddy's most recent job ended for non-disability related reasons, and her statements that her criminal record interfered with her ability to find and retain work. AR at 27. Due to the clear and convincing evidence present in the record, and Gaddy's own inconsistent reports and behavior regarding her alleged disabilities, her third issue on appeal is insufficient to overturn the decision of the Commissioner.

## III. CONCLUSION

For the foregoing reasons, the R&R is **ADOPTED** (Dkt. No. 23) and Petitioner's appeal of the final decision of the Commissioner of the Social Security Administration (Dkt. No. 3) is **DENIED**.

//

//

//

//

1    DATED this 2nd day of February 2015.

2

3

4

5

6

7

8

                                      John C. Coughenour

9                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING APPEAL
PAGE - 9